JOHN P. LAWRENCE *vs.* HORATIO G. CURTIS & others, trustees.

Suffolk.     January 22, 1906. — March 7, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Corporation.     Equity Jurisdiction.*

In a suit in equity by the holder of voting trust certificates of a reorganized corporation against the trustees under a voting trust agreement, in which the bill alleged certain breaches of trust under a voting trust and under a reorganization trust, it was shown that the only duty imposed upon the defendants by the voting trust agreement was to vote on the shares of stock to the best interests of the depositors of certificates, that as such trustees they had done no acts except to vote on the shares at the annual meetings of the corporation at which boards of directors were elected, that only three of the defendants ever were directors and that they always had been a minority of the board, that whatever they had done in management of the company's affairs had been done solely as directors acting with the other directors of the board, and that, as to the reorganization trust, the assets had been transferred to the new corporation about four years before the filing of the bill, that the purposes of that trust had been accomplished fully and it had expired by its terms about two and a half years before the filing of the bill, that the plaintiff had received certificates under the voting trust which represented shares in the new corporation and had accepted them in full satisfaction of all his claims and interests under the reorganization trust, and by an instrument under seal had released the defendants from all obligations growing out of that trust. *Held*, that the facts disclosed were a bar to the bill; that the plaintiff had an equitable interest in the corporation, and, if such interest had suffered from any mismanagement, he must seek relief in a bill framed for that purpose making the corporation and all the members of the board of directors defendants.

SHELDON, J.     This is a bill in equity, filed in its amended form on February 24, 1905, by the holder of voting trust certificates of John P. Squire and Company, a New Jersey corporation, to compel the defendants, who are the trustees under

the voting trust agreement hereinafter mentioned, to answer in damages for certain alleged breaches of trust.

The bill avers that in December, 1899, John P. Squire and Company and other allied concerns made an assignment for the benefit of creditors. The property assigned included a large pork packing plant, and the assignee took possession of this and continued the business. Subsequently, on July 12, 1900, the defendants with one Tuckerman made a declaration of trust whereby they agreed to hold all claims against John P. Squire and Company and the other assignors for the purpose of accomplishing united action for the protection and promotion of the interest of their depositors. This declaration of trust further provided that the trustees might become parties to any reorganization plan which they might decide most advantageous, and might themselves formulate and promote a plan of reorganization. The trustees issued a circular inviting creditors to join the trust under this declaration; and in accordance therewith a large majority of the creditors, including the plaintiff, who was a creditor of John P. Squire and Company in the sum of $70,000, deposited their claims with the depositary appointed by the trustees, and took temporary receipts therefor. The trustees used these claims in purchasing the assigned property from the assignee, and, in pursuance of the plan of reorganization which had been adopted by them, caused this property to be conveyed to a new corporation incorporated under the laws of New Jersey and called John P. Squire and Company. The capital stock of this corporation was fixed at $7,500,000, of which $1,500,000 was preferred stock, which was provided for the purpose of procuring working capital, leaving $6,000,000 of common stock, with which the claims of the creditor depositors under the declaration of trust should be paid. This transaction and the plan by which it was carried out were stated in a report issued by the trustees to their depositors.

The bill further avers that on March 4, 1901, the trustees, for the purpose of protecting the interests of the creditor depositors and in pursuance of the plan of reorganization, declared a new trust called the " Voting Trust Agreement," by which it was provided that they should deposit in a trust company all the shares of the common stock coming to them as trustees, retain-

ing to themselves as voting trustees full legal and equitable title to the shares so deposited, the beneficiaries receiving stock trust certificates, or voting trust certificates entitling the holders to certificates for shares at the expiration of the voting trust, April 1, 1905. It was also provided that dividends declared on the common stock in the meantime should be collected by the voting trustees, who should pay to the certificate holders the amount thereof less the expenses of the voting trustees, and that in voting the stock held by them the voting trustees should exercise their best judgment to elect suitable directors, in order that the affairs of the company should be properly managed. The trustees accordingly deposited substantially the whole of the common stock of the new corporation with the trust company, and issued to the various creditors stock trust certificates to the aggregate amount of about $4,500,000 in exchange for their temporary receipts, including about $70,000 issued to the plaintiff, who still holds these, and has purchased others, so that he now holds such certificates to the amount of $195,000. After the execution of the voting trust agreement, but before any of the holders of the temporary receipts had surrendered them, on or about November 30, 1901, the defendants issued to the depositors a " Final Report of the Reorganization Trustees," wherein they represented that the organization of the new corporation, the continuance of the business and the execution of the voting trust agreement were undertaken in pursuance of the plan of reorganization for the benefit of all the depositors, to protect their interests and promote their growth; that it was intended to list the voting trust certificates upon the Boston stock exchange, and that the working capital which was necessary would be provided for by the sale of the preferred stock for cash. And the bill avers that it was in consequence of such representations and declarations that the depositors accepted the voting trust certificates.

The bill then avers that since the execution of the voting trust agreement and the deposit of stock thereunder, the trustees, except Tuckerman, who resigned, have continued to act as trustees, have voted the stock held under the agreement, have elected themselves and their nominees directors of the new corporation, and have controlled and directed its management; that they have not secured a satisfactory management of its

business, but have mismanaged the same, have wasted its property and assets, and greatly depreciated the securities of the plaintiff and other depositors. And various specific acts of mismanagement are charged, including the failure to provide working capital by the sale or disposal of the preferred stock, the issue of $519,000 of the preferred stock without consideration, the assignment of all the quick assets of the corporation to two of themselves, Burrage and Curtis, to enable them to effect loans and raise money to buy hogs and pay the expenses of the business, and their failure to do this after being put in entire practical control of the business, resulting in the serious diminution of the cash capital, and in the crippling of the value of the securities of the plaintiff and the other depositors. The bill further charges that Burrage and Curtis in 1903 turned over the operation, control and direction of the corporation to one of its chief competitors; that no dividends have ever been paid upon the common stock of the company, and the voting trust certificates never have been listed upon the Boston stock exchange, but that the defendants have caused large sums to be paid to themselves, and by their general mismanagement have impaired and diminished the value of the assets of the company, and caused many of the holders of the certificates to sell the same to a purchaser procured by them, for less than their real value; and thereby the value of the plaintiff's certificates was greatly injured. The bill prays for an accounting and for other relief.

The defendants have filed an answer containing certain matters by way of plea. The case was argued before a single justice on the sufficiency of the pleas, a replication which had been filed being withdrawn for that purpose; and an interlocutory decree was entered adjudging the pleas good. The plaintiff then again joined issue, refiling his replication by leave of court; and the case was heard on the issues of fact raised by way of plea in the defendant's answer and amended answer. These matters were found to be true; and a final decree was entered dismissing the bill. The plaintiff has appealed from both these decrees.

The averments of fact of the pleas may be summarized as being, first, that the only duty imposed upon the defendants by the voting trust agreement referred to in the bill was to vote

on the shares of stock to the best interests of the depositors; that they have done no acts as such trustees except to vote on the shares at the annual meetings of the corporation, at which meetings they have elected boards of directors, of which they never have constituted a majority, and of some of which only three of them were members; that they always have made a minority of the board; that whatever they have done in the management of the company's affairs has been solely as members of the board of directors acting with their co-directors; and secondly, that so far as concerns the reorganization trust mentioned in the bill, the assets held under the several assignments were transferred to the new corporation on or about February 18, 1901; that the purpose of that trust has been fully accomplished and it expired by its terms on July 30, 1902; that the plaintiff received trust certificates under the voting trust which represented shares of stock of said corporation proportionate to their claim under the assignments, and accepted the same in full satisfaction of all his claims and interests under the reorganization trust, and upon receiving the same released the defendants under seal from all obligations growing out of that trust.

As on full hearing the facts averred in the pleas have been proved, the only question raised is whether these facts are a bar to the plaintiff's bill; and it is plain that they are. Nothing is averred or shown to avoid the effect of the release given under seal by the plaintiff to the defendants; and accordingly the plaintiff is not entitled to any relief for the acts of the defendants done under the first or reorganization trust.

As to the mismanagement of the new corporation charged in the bill, it has been found that all that has been done by the defendants in the management of the company's affairs has been done by them, not as charged in the bill as trustees under the voting trust, but solely as members of the board of directors, of which all of them were not members, of which those of them who were members constituted only a minority of the board, acting with their co-directors. For such misconduct of the directors as is charged in the bill, the plaintiff must seek his remedy in a different way. *Weitze* v. *Burrage*, 190 Mass. 267, and cases there cited. And see *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 103, in which the converse of this proposition

was held. The plaintiff has an equitable interest in the corporation; the injury to him results only from the injury to the corporation ; and his redress for any mismanagement of the corporation must be sought in the ordinary manner of obtaining such relief, by a bill framed specifically for that purpose, to which the corporation and the other members of the board of directors shall be made parties.

*Decree affirmed.*

*W. B. Farr*, for the plaintiff.
*J. B. Warner*, for the defendants.